NOT DESIGNATED FOR PUBLICATION

Nos. 119,203
119,204
119,205

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

YUNG ROK BRITTING,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed December 28, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., STANDRIDGE and POWELL, JJ.

PER CURIAM: Yung Rok Britting appeals the district court's decision revoking his probation and ordering him to serve his original prison and jail sentences in four different cases. We granted Britting's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has responded, and it requests that the district court's judgment be affirmed.

On August 8, 2014, Britting pled no contest to felony possession of stolen property and misdemeanor criminal use of a financial card in case 14CR592. The district court sentenced Britting to 8 months in prison but granted probation for a term of 12

1

months. Before it expired, Britting agreed to extend the term of probation to October 17, 2016. Before the extended probation period expired, Britting agreed to extend the term to October 17, 2017.

On November 20, 2014, Britting pled no contest to forgery and four counts of felony theft in case 14CR823. The district court sentenced Britting to 14 months in prison but granted probation for a term of 18 months. On the day his probation would have ended, Britting agreed to extend the term of his probation in this case to October 17, 2017.

At the hearing on November 20, 2014, Britting also pled no contest to possession of methamphetamine in case 14CR830. The district court sentenced Britting to 20 months in prison but granted probation for a term of 18 months. On the day his probation would have ended, Britting agreed to extend the term of his probation in this case to October 17, 2017.

On January 6, 2017, the State filed a motion to revoke probation in all three cases based on various probation violations. On September 22, 2017, Britting stipulated to the alleged probation violations. Because Britting previously had served 48 hours in jail as an intermediate sanction for a past probation violation, the district court ordered him to serve a 120-day prison sanction, followed by an additional 18 months on probation. At this same hearing, Britting pled no contest to misdemeanor marijuana possession in case 17CR8, and the court sentenced him to 90 days in jail but granted probation for a term of 18 months. The court ordered the sentence in case 17CR8 to run consecutive to the three felony cases.

On February 2, 2018, the State filed a motion to revoke probation in all four cases (his three felony cases, consolidated on appeal, and 17CR8). In support of its motion, the State alleged Britting had failed to report to his probation officer on December 17, 2017,

failed to provide urinalysis samples on five different days, and tested positive for marijuana on December 15, 2017.

A probation violation hearing was held on March 14, 2018. Britting stipulated to the probation violations but asked the district court to provide him an opportunity to get additional drug treatment rather than to revoke his probation. The court denied Britting's request and ordered him to serve his original sentences in all three cases, for a total of 42 months in prison. The court granted the parties' joint request for the court to modify his misdemeanor sentences to run concurrent to his felony sentences.

On appeal, Britting claims the district court erred in revoking his probation and ordering him to serve his original sentences because the court had the discretion to order him to serve a 180-day sanction under K.S.A. 2017 Supp. 22-3716(c)(1)(D). But Britting acknowledges that the court also had discretion to bypass the 180-day intermediate sanction and revoke his probation based on the fact that Britting already had served 2 days in jail and 120 days in prison as intermediate sanctions for prior probation violations. See K.S.A. 2017 Supp. 22-3716(c)(1)(E) (court can impose prison sentence "if the violator already had a sanction imposed pursuant to subsection [c][1][C] [the 120-day prison sanction]").

The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

In this case, the district court gave Britting many chances to succeed on probation. And, as Britting readily acknowledges, the court was not legally required to impose another intermediate sanction after previously imposing 120 days in prison as an intermediate sanction for a prior probation violation. See K.S.A. 2017 Supp. 22-3716(c)(1)(E). There simply is no evidence to show that the court's decision to revoke Britting's probation was arbitrary, fanciful, or unreasonable, or based on an error of fact or law; thus, we find the district court did not abuse its discretion by revoking Britting's probation and ordering him to serve his underlying prison sentences.

Affirmed.